IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00576-BNB

J. MASON,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, J. Mason, currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado.  He submitted to the Court *pro se* a seventy-five-page letter in which he asks for a habeas corpus application, but the letter appears to request civil rights relief.  The Court reviewed the letter and determined it was deficient.  Therefore, on March 7, 2012, Magistrate Judge Boyd N. Boland directed Mr. Mason to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The March 7 order pointed out that Mr. Mason failed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official.  Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period

immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The March 7 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. The March 7 order also directed Mr. Mason to submit a Prisoner Complaint.

The March 7 order warned Mr. Mason that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice. Mr. Mason has failed within the time allowed to cure the designated deficiencies or otherwise to communicate with the Court in any way. Therefore, the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed, and for failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Mason files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, J. Mason, within the time allowed, to cure the deficiencies designated in the order to cure of March 7, 2012, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __17th__ day of ____April_____, 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court